Valerie I. Holder, OSB No. 160646
KEESAL, YOUNG & LOGAN
450 Pacific Avenue
San Francisco, California  94133
Telephone:      (415) 398-6000
Facsimile:       (415) 981-0136
Email:      valerie.holder@kyl.com
Attorneys for Plaintiff
Medmar Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MEDMAR INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**ANGLO EASTERN NAVIGATION PTE LTD.; 51,035.504 METRIC TONS OF U.S. NO. 2 OR BETTER SOFT WHITE WHEAT IN BULK; ALSAEED TRADING COMPANY; MIDSTAR FZE; VIGOROUS SHIPPING & TRADING S.A.,**<br><br>Defendants. | Case No. _____<br><br>ADMIRALTY<br><br>**VERIFIED COMPLAINT FOR ATTACHMENT OF CARGO** |

MEDMAR INC.  (hereinafter "MEDMAR" or "Plaintiff"), by its undersigned counsel, as and for its Verified Complaint against Defendant ANGLO EASTERN NAVIGATION PTE LTD. (hereinafter "ANGLO EASTERN" or "Defendant"),  51,035.504 metric tons of U.S. No. 2 or better soft white wheat in bulk (hereinafter "Cargo"); ALSAEED TRADING COMPANY (hereinafter "Alsaeed"); MIDSTAR FZE (hereinafter "Midstar"); and VIGOROUS SHIPPING & TRADING S.A. (hereinafter "Vigorous Shipping" and collectively with other defendants "Defendants") and pleads as follows:

Case No.: _____
VERIFIED COMPLAINT FOR ATTACHMENT OF CARGO- 1

KEESAL, YOUNG & LOGAN
450 PACIFIC AVENUE
SAN FRANCISCO, CALIFORNIA  94133
(415) 398-6000

## I. JURISDICTION, VENUE AND PARTIES

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. This case is also an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure for claim of breach of a maritime contract. The Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 204.

2. Venue is proper in this matter as the property sought to be attached is currently within the District of Oregon at or near the Port of Longview in Longview, Washington in the Columbia River.

## II. THE PARTIES

3. At all times material hereto, Plaintiff MEDMAR, was and still is a foreign company organized under the laws of Turks and Caicos Islands.

4. At all times material hereto, Defendant ANGLO EASTERN was and still is a foreign company incorporated under the laws of Singapore with an address of "531 Upper Cross Street, #04-59 Hong Lim Complex, Singapore 050531" with a registered address of "1 Raffles Place, #27-03 One Raffles Place, Singapore 048616."

5. At all times material hereto, Defendant Alsaeed Trading Company was and is a foreign company organized under the laws of the Republic of Yemen. Plaintiff is informed and believes that Alsaeed purchased the Cargo from Midstar and is named in this Complaint solely to provide notice.

6. At all times material hereto, Defendant Midstar FZE was and is a foreign company believed to be organized under the laws of the United Arab Emirates with an address of "LB19 1807, Jafza View 19, P.O. Box 18213, Jebel Ali, Dubai, United Arab Emirates."

7. At all times material hereto, Defendant Vigorous Shipping & Trading S.A. was and still is a foreign company incorporated under the laws of Liberia. Vigorous Shipping, who is the owner of the vessel upon which the Cargo is loaded, is named in the Complaint solely to provide notice.

Case No.: _____
VERIFIED COMPLAINT FOR ATTACHMENT OF CARGO- 2

KEESAL, YOUNG & LOGAN
450 PACIFIC AVENUE
SAN FRANCISCO, CALIFORNIA 94133
(415) 398-6000

## THE SUBSTANTIVE CLAIMS

8. On or about October 25, 2018, Plaintiff entered into a charter party agreement with Vigorous Shipping & Trading S.A., for the use of the M/V VIGOROUS (herein after "the Vessel"), evidenced by a charter party recap of the same date, and incorporating the terms of a charter party for M/V SAMJOHN LIBERTY dated November 24, 2015. See copy of the charter party recap attached hereto as Exhibit 1.

9. On or about October 25, 2018, Plaintiff entered into a sub-charter agreement with Defendant ANGLO EASTERN, for the carriage of wheat in the holds of the M/V VIGOROUS to the Republic of Yemen (the "Medmar Inc./Anglo Eastern Navigation Charter Party"). The wheat was to be loaded at the Columbia River. See copy of the Medmar Inc./Anglo Eastern Navigation Charter Party attached hereto as Exhibit 2.

10. On or about October 25, 2018, Defendant ANGLO EASTERN, entered into a further sub-charter agreement with Midstar for the same shipment of wheat (the "Anglo Eastern Navigation/Midstar Charter Party"). Exhibit 3.

11. All of the charter party agreements are maritime contracts.

12. Pursuant to the terms of the Medmar Inc./Anglo Eastern Navigation Charter Party between Plaintiff MEDMAR and Defendant ANGLO EASTERN, Plaintiff was to receive payment of 95 percent of the freight for the carriage of the wheat within 5 banking days after completion of loading onto the Vessel. See Exhibit 2, ¶ 33.

13. Paragraph 8 of the Medmar Inc./Anglo Eastern Navigation Charter Party provides Plaintiff MEDMAR with a lien on the cargo for freight, claims for damages, and for all other amounts due under the Charter Party. See Exhibit 2.

14. Similarly, the Anglo Eastern Navigation/Midstar Charter Party, at paragraph 33, provides that Midstar was to tender payment of 95 percent of the freight for the carriage of the wheat within 5 banking days after completion of loading onto the vessel. See Exhibit 3. Such payment was to be made to MEDMAR in order to comply with the freight payment terms of the Medmar Inc./Anglo Eastern Charter Party.

VERIFIED COMPLAINT FOR ATTACHMENT OF CARGO- 3

KEESAL, YOUNG & LOGAN
450 PACIFIC AVENUE
SAN FRANCISCO, CALIFORNIA 94133
(415) 398-6000

15. Additionally, paragraph 8 of the Anglo Eastern Navigation/Midstar Charter Party provides for a lien on the cargo for freight, claims for damages, and for all other amounts due under the Charter Party.

16. Paragraph 19 of the Medmar Inc./Anglo Eastern Navigation Charter Party and the Anglo Eastern Navigation/Midstar Charter Party provide for the application of English law and arbitration of disputes in London.  See Exhibit 2 and 3.

17. On or about December 3, 2018, Pacific Gulf Shipping Co. ("Pacific Gulf") filed a Verified Complaint for Attachment of Vessel in the United States District Court for the District of Oregon, Portland Division, under cause number 18-cv-02076-MO.  That same day, Pacific Gulf filed an Ex Parte Motion Authorizing Issuance of Process of Maritime Attachment and Garnishment.

18. On or about December 3, 2018, the Honorable Marco Hernandez issued an Order Authorizing Issuance of Process of Maritime Attachment and Garnishment.

19. On or about December 6, 2018, four Bills of Lading were issued certifying that the M/V VIGOROUS had been loaded with 51,035.504 metric tons of U.S. no. 2 or better soft white wheat in bulk at Kalama, WA.  See copies of Bills of Lading attached hereto as Exhibit 4.

20. Each of the four issued Bills of Lading refer to the October 25, 2018 Medmar Inc./Anglo Eastern Navigation Charter Party and specifically incorporate its terms, including paragraph 8 providing for a lien on cargo for freight, other charges and for damages.

21. Sometime thereafter, the Order Authorizing Issuance of Process of Maritime Attachment and Garnishment was served on the M/V VIGOROUS.

22. The Medmar Inc./Anglo Eastern Navigation Charter Party provides Plaintiff with a lien over sub-freights payable in respect of the cargo for outstanding freight, deadfreight, demurrage, claims for damages and for all other amounts due from ANGLO EASTERN under the Medmar Inc./Anglo Eastern Navigation Charter Party.  The Anglo Eastern Navigation/Midstar Charter Party also provides for 95 percent of the sub-freight to be paid to

Case No.: _____
VERIFIED COMPLAINT FOR ATTACHMENT OF CARGO- 4

KEESAL, YOUNG & LOGAN
450 PACIFIC AVENUE
SAN FRANCISCO, CALIFORNIA  94133
(415) 398-6000

Anglo Eastern for the benefit of MEDMAR within 5 banking days of completion of loading; thus in this case no later than December 13, 2018.

23. To date, Midstar has not paid the sub-freight and ANGLO EASTERN has not paid the fright to MEDMAR.

24. Plaintiff served a lien notice on Midstar giving Midstar notice that by virtue of an equitable assignment, any outstanding sub-freight owned from Midstar to ANGLO EASTERN or otherwise must be paid to Plaintiff MEDMAR in satisfaction of Plaintiff's claim against ANGLO EASTERN. Midstar has refused to pay the sub-freight.

25. As a result of ANGLO EASTERN and Midstar's breach of the Medmar Inc./Anglo Eastern Navigation Charter Party and Anglo Eastern Navigation/Midstar Charter Party, respectively, Plaintiff MEDMAR has incurred losses in addition to the 95 percent freight that is due and owing in the amount of $2,454,807.74 plus costs, lost profits, attorney's fees and interest.

## COUNT I – BREACH OF CONTRACT

26. PLAINTIFF restates and re-alleges paragraphs 1 – 25 in the above foregoing Verified Complaint as if set forth herein.

27. The Defendants ANGLO EASTERN and Midstar are in breach of their agreement to pay Plaintiff under the Medmar Inc./Anglo Eastern Navigation and the Anglo Eastern Navigation/Midstar Charter Parties.

28. Pursuant to the Medmar Inc./Anglo Eastern Navigation Charter Party, Defendant ANGLO EASTERN, by and through Midstar, was to tender to Plaintiff 95 percent freight in the amount of $2,454,807.74 no later than December 13, 2018. Despite demands made for payment, Defendants ANGLO EASTERN and Midstar have failed to tender the 95 percent freight due and owing.

29. As a result of ANGLO EASTERN's breach of the Medmar Inc./Anglo Eastern Navigation Charter Party and Midstar's breach of the Anglo Eastern Navigation/Midstar Charter

Case No.: _____
VERIFIED COMPLAINT FOR ATTACHMENT OF CARGO- 5

KEESAL, YOUNG & LOGAN
450 PACIFIC AVENUE
SAN FRANCISCO, CALIFORNIA  94133
(415) 398-6000

Party, Plaintiff MEDMAR has been damaged in the amount of $2,454,807.74 plus interest, lost profits, and other costs the court may deem just and proper.

## APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

30. Plaintiff MEDMAR restates and re-alleges paragraphs 1 – 29 in the above foregoing Verified Complaint.

31. Plaintiff's claim against Defendants ANGLO EASTERN and Midstar for breach of the respective Charter Party is a maritime claim. This is an ancillary proceeding to secure jurisdiction and security over Defendant.

32. Defendants ANGLO EASTERN and Midstar are not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. See Affidavit of Attorney Valerie I. Holder attached hereto as Exhibit 5. Notwithstanding, the Defendants ANGLO EASTERN and Midstar have within the District tangible personal property comprised of the 51,035.504 metric tons of U.S. No. 2 or better soft white wheat in bulk loaded on the M/V VIGOROUS, IMO No. 9298521, which cargo is subject to attachment as security for Plaintiff MEDMAR's claims.

33. Interest, costs, and attorney's fees are routinely awarded to the prevailing party under English Law and the procedural rules of London arbitration. It is standard for interest to be awarded to the prevailing party in the amount of 5.0%, compounded quarterly.

34. MEDMAR expects to recover the following amounts in arbitration from Defendant:

| | | |
|---|---|---|
| A. | Principal Claim | $2,454,807.74 |
| B. | Estimated Interest for Principal Claim: *At 5.0 %, compounded quarterly* | $125,060 |
| C. | Estimated Arbitration Cost: | $50,000.00 |
| D. | Estimated Attorney's Fees: | $300,000.00 |
| E. | Estimated Lost profits: | $500,000.00 |
| | TOTAL: | $3,429,867.74 |

Case No.: _____
VERIFIED COMPLAINT FOR ATTACHMENT OF CARGO- 6

KEESAL, YOUNG & LOGAN
450 PACIFIC AVENUE
SAN FRANCISCO, CALIFORNIA  94133
(415) 398-6000

35. Therefore, MEDMAR's total claim for breach of the Medmar Inc./Anglo Eastern Navigation Charter Party and breach of the Anglo Eastern Navigation/Midstar Charter Party, plus applicable interest, costs, and fees in the aggregate estimated to be no less than $3,429,867.74.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendants and said Defendants be cited to appear and answer the allegations of this Verified Complaint;

B. That if Defendants ANGLO EASTERN and Midstar cannot be found within this district, then all of their respective tangible or intangible property within this district, and the 51,035.504 metric tons of U.S. no. 2 or better soft white wheat in bulk loaded on the M/V VIGOROUS, owned or in control of the said Defendants or in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C. That a judgment be entered against the Defendant Anglo Eastern and/or Midstar in the sum of $3,429,867.74, and the proceeds of the assets attached be applied in satisfaction thereof;

D. That the Court grant Plaintiff such other and further relief as it deems just, equitable and proper.

DATED this 17th day of January, 2019.

KEESAL, YOUNG & LOGAN

/s/ Valerie I. Holder
Valerie I. Holder, OSB No. 160646
Attorneys for Plaintiff
Medmar Inc.

KYL4849-9784-8709.1

Case No.: _____
VERIFIED COMPLAINT FOR ATTACHMENT OF CARGO- 7

KEESAL, YOUNG & LOGAN
450 PACIFIC AVENUE
SAN FRANCISCO, CALIFORNIA 94133
(415) 398-6000